Arlana S. Cohen (asc@cll.com)
Clarence J. Erickson (cje@cll.com)
Meichelle R. MacGregor (mrm@cll.com)
Don M. Obert (dmo@cll.com)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

NIKE, INC.,

        Plaintiff,

-against-

BEST SYSTEMS, INC., JUDY DEE,
VARIOUS JOHN DOES, JANE DOES
AND XYZ COMPANIES,

        Defendants.

Civil Action No. 10-CV-4598 (FB) (ALC)

ECF CASE

---

BEST SYSTEMS, INC.,

        Counterclaim Plaintiff,

-against-

NIKE, INC.,

        Counterclaim Defendant.

---

**DEFENDANT BEST SYSTEMS, INC.'S AND JUDY DEE'S ANSWER
TO COMPLAINT AND AFFIRMATIVE DEFENSES AND
<u>COUNTERCLAIM BY BEST SYSTEMS, INC.</u>**

Defendants Best Systems, Inc. ("Best Systems") and Judy Dee ("Dee"), by and through their attorneys Cowan, Liebowitz & Latman, P.C., hereby answer the Complaint as follows:

<u>**NATURE OF THE ACTION**</u>

1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, except admit that plaintiff purports to assert claims

26941.000 / 1203692.4

for trademark counterfeiting, trademark infringement, false designation or origin, trademark dilution, unfair competition, violation of the Tariff Act, and unlawful importation of goods bearing infringing/counterfeit marks in violation of the laws of the United States and seeks an injunction, damages and related relief.

## JURISDICTION AND VENUE

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint, and therefore deny same.

## THE PARTIES

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint, and therefore deny same.

4. Deny the allegations contained in paragraph 4 of the Complaint, except admit that Best Systems is a New York Corporation with its principal place of business at 2 Park Avenue, Lawrence, N.Y. 11559 and that Best Systems is a licensed Customs broker authorized to transact business in New York and New Jersey.

5. Deny the allegations contained in paragraph 5 of the Complaint, except admit that Defendant Dee is an individual residing within the State of New York.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint, and therefore deny same.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint, and therefore deny same.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and therefore deny same.

9. Admit the allegations contained in paragraph 9 of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, and therefore deny same.

11. Deny the allegations set forth in paragraph 11 of the Complaint.

12. Deny the allegations contained in paragraph 12 of the Complaint, except admit that in June 2009, Best Systems filed entry documents with U.S. Customs and Border Protection for entry number U79-0068469-8 on behalf of Essex Group Inc. and that the documents attached to the Complaint as Exhibit A appear to be the entry documents filed by Best Systems for that entry.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint, and therefore deny same.

14. Deny the allegations contained in paragraph 14 of the Complaint.

15. Deny the allegations contained in paragraph 15 of the Complaint and state that the entry documents speak for themselves.

16. Deny the allegations contained in paragraph 16 of the Complaint, except admit that Defendants obtained a signed power of attorney ("POA") from Essex Group Inc. and that a copy of the power of attorney appears to be attached to the Complaint as Exhibit C.

17. Deny the allegations set forth in paragraph 17 of the Complaint.

18. Deny that Defendants filed the POA as set forth in paragraph 18 of the Complaint and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 18 of the Complaint, and therefore deny same.

19. Deny the allegations set forth in paragraph 19 of the Complaint.

20. Deny the allegations set forth in paragraph 20 of the Complaint.

21. Deny the allegations set forth in paragraph 21 of the Complaint.

22. Deny the allegations set forth in paragraph 22 of the Complaint.

23. Deny the allegations set forth in paragraph 23 of the Complaint.

24. Deny the allegations set forth in paragraph 24 of the Complaint.

25. Deny the allegations set forth in paragraph 25 of the Complaint.

26. Deny the allegations set forth in paragraph 26 of the Complaint.

### FIRST CLAIM FOR RELIEF (TRADEMARK COUNTERFEITING)

27. Defendants repeat and reaffirm its answers to each and every allegation set forth in paragraphs 1 through 26 above, as though fully set forth herein.

28. Deny the allegations set forth in paragraph 28 of the Complaint.

29. Deny the allegations set forth in paragraph 29 of the Complaint.

### SECOND CLAIM FOR RELIEF (TRADEMARK INFRINGEMENT)

30. Defendants repeat and reaffirm its answers to each and every allegation set forth in paragraphs 1 through 29 above, as though fully set forth herein.

31. Deny the allegations set forth in paragraph 31 of the Complaint.

32. Deny the allegations set forth in paragraph 32 of the Complaint.

### THIRD CLAIM FOR RELIEF (FALSE DESIGNATION OF ORIGIN)

33. Defendants repeat and reaffirm its answers to each and every allegation set forth in paragraphs 1 through 32 above, as though fully set forth herein.

34. Deny the allegations set forth in paragraph 34 of the Complaint.

35. Deny the allegations set forth in paragraph 35 of the Complaint.

### FOURTH CLAIM FOR RELIEF (FEDERAL TRADEMARK DILUTION)

36. Defendants repeat and reaffirm its answers to each and every allegation set forth in paragraphs 1 through 35 above, as though fully set forth herein.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint, and therefore deny same.

38. Deny the allegations set forth in paragraph 38 of the Complaint.

39. Deny the allegations set forth in paragraph 39 of the Complaint.

40. Deny the allegations set forth in paragraph 40 of the Complaint.

**FIFTH CLAIM FOR RELIEF (IMPORTATION OF GOODS BEARING INFRINGING MARKS OR NAMES)**

41. Defendants repeat and reaffirm its answers to each and every allegation set forth in paragraphs 1 through 40 above, as though fully set forth herein.

42. Deny the allegations set forth in paragraph 42 of the Complaint.

43. Deny the allegations set forth in paragraph 43 of the Complaint.

44. Deny the allegations set forth in paragraph 44 of the Complaint.

45. Deny the allegations set forth in paragraph 45 of the Complaint.

**SIXTH CLAIM FOR RELIEF (VIOLATION OF TARIFF ACT)**

46. Defendants repeat and reaffirm its answers to each and every allegation set forth in paragraphs 1 through 45 above, as though fully set forth herein.

47. Deny the allegations set forth in paragraph 47 of the Complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint and therefore deny same.

49. Deny the allegations set forth in paragraph 49 of the Complaint.

**PLAINTIFF'S DEMAND FOR JUDGMENT**

50. Deny that plaintiff is entitled to the relief demanded in paragraph 50 (a) through (g) of the Complaint.

51. Deny that plaintiff is entitled to the relief demanded in paragraph 51 of the Complaint.

52. Deny that plaintiff is entitled to the relief demanded in paragraph 52 of the Complaint.

53. Deny that plaintiff is entitled to the relief demanded in paragraph 53 of the Complaint.

54. Deny that plaintiff is entitled to the relief demanded in paragraph 54 of the Complaint.

55. Deny that plaintiff is entitled to the relief demanded in paragraph 55 of the Complaint.

56. Deny that plaintiff is entitled to the relief demanded in paragraph 56 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### AS AND FOR A FIRST DEFENSE

57. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE

58. Defendants' actions were in accordance with their obligations under applicable law, regulations and industry customs.

### AS AND FOR A THIRD DEFENSE

59. Plaintiff's claims are or may be preempted by other applicable law.

### AS AND FOR A FOURTH DEFENSE

60. Defendant Dee is not personally liable for any of the acts alleged in the Complaint.

## AS AND FOR A FIFTH DEFENSE

61. Plaintiff has failed to join a necessary or indispensible party or parties pursuant to Fed. R. Civ. P. 19.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NON-LIABILITY WITH RESPECT TO CLAIMS FOR COUNTERFEITING, INFRINGEMENT, UNFAIR COMPETITION, DILUTION, IMPORTATION OF GOODS BEARING INFRINGING MARKS AND/OR VIOLATION OF TARIFF ACT

1. This is a counterclaim for a declaratory judgment under the provisions of the Federal Declaratory Judgment Act, Title 28, U.S.C. §§ 2201 and 2202. An actual controversy exists between the parties.

2. Defendant Best Systems, Inc. ("Best Systems") is a New York Corporation with its principal place of business at 2 Park Avenue, Lawrence, N.Y. 11559. Best Systems is a licensed Customs broker authorized to transact business in New York and New Jersey.

3. A United States Customs broker is a person licensed under 19 CFR §111 to transact Customs business on behalf of others.

4. In or about June 2009, Best Systems contracted to act as a Customs broker for Essex Group Inc. ("Essex Group") in connection with the importation of goods under Entry No. U79-0068469-8 ("the Entry At Issue"). In connection with the Entry At Issue, Best Systems acted as a Customs broker on behalf of Essex Group, and, in such capacity, spoke with Essex Group, obtained a signed power of attorney and other applicable documents from Essex Group, prepared the entry documents for filing and received notification from U.S. Customs regarding the shipment.

5. Plaintiff alleges that the Entry At Issue contains goods which infringe, dilute and are counterfeits of Plaintiff's marks.

26941.000 / 1203692.4

6.     Best Systems had no knowledge or information of the nature of the goods.

7.     In its capacity as a licensed Customs broker, Best Systems never took possession of, physically handled or inspected the Entry At Issue as such actions are outside the scope of duties and responsibilities of a licensed Customs broker.

8.     In its capacity as a licensed Customs broker, Best Systems is not responsible for, nor involved in, the ordering, designing, purchasing, manufacturing, sale, distribution, foreign port lading, inland and international transportation, domestic receipt or domestic transportation of the Entry At Issue. Notwithstanding the foregoing, Plaintiff filed the instant action against Best Systems.

9.     The allegations set forth in the Complaint do not involve the actions or responsibilities of Best Systems, and if true, occurred through no fault or neglect of Best Systems, but are the sole responsibility of one or more third parties involved in, or responsible for, the ordering, designing, purchasing, manufacturing, sale, distribution, foreign port lading, inland and international transportation, domestic receipt or domestic transportation of the Entry At Issue, the identity of which Plaintiff knows or should have known.

10.     Best Systems seeks a declaration that it has acted in accordance with applicable law.

## PRAYER FOR RELIEF

WHEREFORE, Defendants Best Systems, Inc. and Judy Dee pray for judgment or relief against Plaintiff as follows:

1.     That the claims against Defendants be dismissed with prejudice and that Plaintiff take nothing;

2. That Defendants be awarded their attorneys' fees, costs and disbursements incurred in this matter;

3. That the Court declare that Best Systems has acted in accordance with applicable law;

4. That the Court declare that Best Systems as a licensed Customs broker is not liable for the counterfeiting, infringement, unfair competition, dilution, importation of goods bearing infringing marks, violation of the Tariff Act and/or other improper activities alleged in the Complaint; and

5. Such other and further relief as the Court deems just and proper.

Dated: November 10, 2010  
      New York, New York

COWAN LIEBOWITZ & LATMAN, P.C.

By: _____
Arlana S. Cohen (asc@cll.com)
Clarence J. Erickson (cje@cll.com)
Meichelle R. MacGregor (mrm@cll.com)
Don M. Obert (dmo@cll.com)
1133 Avenue of the Americas
New York, New York 10036
(212)790-9200
*Attorneys For Defendants Best Systems, Inc., and Judy Dee*

TO:  
Martin J. Feinberg, Esq.  
Olshan Grundman Frome Rosenzweig & Wolosky LLP  
65 East 55th Street  
New York, New York 10022  
*Attorneys for Plaintiff Nike Inc.*

Michael W.O. Holihan  
Holihan Law  
1101 North Lake Destiny Road, Suite 350  
Maitland, Florida 32751  
*Of Counsel to Plaintiff Nike Inc.*

26941.000 / 1203692.4

9